UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DOUGLAS W. VEGA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | No.: 3:07-cv-286 (VARLAN/GUYTON) |
| DR. MARK HOLLAND, | ) ) | |
| *Defendant*. | ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by the defendant. Plaintiff has not filed a response to the motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss will be **GRANTED** and this action **DISMISSED**.

I.  Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff

to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.     Factual Background

Plaintiff filed a partially completed complaint form, which contains five numbered paragraphs. [Court File No. 3]. In paragraph one, which asks for a short and plain statement of the grounds for filing his case in federal court, plaintiff wrote "curel [sic] and unusal [sic] punishment." Paragraphs two and three identify the plaintiff and defendant, respectively, to the action. Paragraph four provides a space to state the facts of the case and how the defendant was involved; plaintiff left this space entirely blank. In paragraph five, plaintiff outlined his demands for injunctive relief and money damages.

Attached to the complaint are copies of two complaints against department members, on forms provided by the Grainger County Sheriff's Department. The first was against Sheriff James Harville for alleged threats and did not concern defendant Dr. Mark Holland. [Court File No. 3, Attachment 1].

On the second form complaint, against an unnamed jail doctor, plaintiff wrote the following:

> Court on 9/7/06 - reprimand to jail - had asthma attack - kept in holding cell 4-5 hrs, asked for medical help - refused. Asked to go to hospital - refused. Could not breathe - felt as if dying. After 5 hrs, Doctor went to store himself and purchased 'Primatene Mist.' Did not work - handcuffed, drug me to police car - after placed in car - officer said I had seizures and he felt bad for me. Kept at hosp. til 5:30-6 pm then released. I, Douglas Vega, feel that I would be discriminated against and other charges would be added if I should have to go back to jail for any reason.

2

[Court File No. 3, Attachment 2]. The defendant, through counsel, moves to dismiss the complaint for failure to state a claim for relief.

III. Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that he was deprived of a constitutional right and that the deprivation was the result of actions of the defendant taken while acting under color of state law. *Bier v. Fleming*, 717 F.2d 308, 310-11 (6th Cir. 1983). Although plaintiff is proceeding *pro se* and is unfamiliar with the intricacies of the legal system, he must nonetheless comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." One purpose of this rule is to enable a defendant to reasonably respond to the complaint

Plaintiff failed to set forth any statement of his claim. Other than to list Dr. Mark Holland as a defendant in this action, plaintiff's complaint makes no factual allegations whatsoever against Dr. Holland. To the extent plaintiff is relying on the attachment to his complaint, that attachment does not refer to Dr. Holland by name. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted under § 1983 against defendant Dr. Mark Holland.

IV. Conclusion

The defendant's motion to dismiss will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. In addition, this court has carefully reviewed this case pursuant

to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the plaintiff leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

   **AN APPROPRIATE ORDER WILL ENTER.**

            s/ Thomas A. Varlan
            UNITED STATES DISTRICT JUDGE